NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO GUERRERO-LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 15-73115 <br><br> Agency No. A095-880-166 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2019[**]
San Francisco, California

Before: GOULD, BEA, and FRIEDLAND, Circuit Judges.

Petitioner Antonio Guerrero-Lopez appeals the Board of Immigration

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order of

removal. We have jurisdiction under 8 U.S.C. § 1252(a). Reviewing de novo,

*Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir. 2005), we deny Guerrero-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lopez's petition for review.

Guerrero-Lopez is a native and citizen of Mexico and a legal permanent resident of the United States. In 2005, when Guerrero-Lopez was trying to cross the border in his car, authorities asked him to go to secondary inspection. There, upon questioning, Guerrero-Lopez admitted to attempting to smuggle undocumented aliens into the United States from Mexico. He contends that, during his questioning, the immigration officer did not advise him of his rights under 8 C.F.R. § 287.3(c). Guerrero-Lopez appeals his order of removal on the basis that his statements made during questioning at secondary inspection should have been suppressed because he wasn't advised of his rights.

Guerrero-Lopez's statements during his questioning at secondary inspection were admissible in subsequent immigration proceedings. Because Guerrero-Lopez had not yet been placed in formal immigration proceedings, the immigration officials were not required to inform him of his rights under 8 C.F.R. § 287.3(c). *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901–02 (9th Cir. 2009).

The admission of Guerrero-Lopez's statements did not violate his Fifth Amendment right against self-incrimination. Noncitizens are entitled to the same protections against self-incrimination as citizens. *United States v. Balsys*, 524 U.S. 666, 671 (1998). However, an official's failure to give a *Miranda*-style warning does not preclude the use of statements obtained during a custodial interrogation in

2

a removal proceeding.  *See, e.g.*, *United States v. Solano-Godines*, 120 F.3d 957, 960 (9th Cir. 1997).

**PETITION DENIED.**